IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re:<br>P. DOUGLAS COMBS,<br><br>Debtor. | Chapter 7<br>Case No. 05-06498<br>(Jointly administered with Case No. 02-18352)<br><br>MEMORANDUM DECISION RE: RECUSAL |

## I. INTRODUCTION

This matter comes before the Court on a "Motion for Recusal and Withdrawal" (the "Motion") filed by P. Douglas Combs, the Debtor herein, on February 14, 2008. On February 20, 2008, the Court entered an Order setting a bar date for responses or objections to the Motion. Any responsive pleadings were to be filed on or before March 5, 2008.

On March 5, 2008, Renaissance Aircraft, LLC, a creditor and party-in-interest in the bankruptcy case, filed an Objection to the Motion,[1] to which the Chapter 7 Case Trustee, Jill Ford, later filed a Joinder.[2] The Court also received a late-filed Joinder in the Objection from Chapter 7 Case Trustee Louie Mukai acting on behalf of the bankruptcy estate of the Don

---

[1] See Docket Entry No. 132.

[2] See Docket Entry No. 133.

1

Luscombe Aviation History Foundation, Inc., the Combs estate's second-largest creditor.[3] After reviewing all pleadings filed in the matter, the Court has determined that a hearing on the matter is unnecessary. The matter is deemed under advisement as of March 5, 2008. Taking into consideration the arguments of each of the parties, the documents filed, and the entire record before the Court, this Decision shall constitute the Court's findings of fact and conclusions of law pursuant to Fed.R.Civ.P. 52, Bankruptcy Rule 7052. The Court has jurisdiction over this matter, and this is a core proceeding. 28 U.S.C. §§ 1334 and 157 (West 2007).

## II. LEGAL STANDARD

Motions for recusal are governed by 28 U.S.C. § 455, which sets forth certain circumstances under which a judge must recuse from a case. Section (a) of 28 U.S.C. § 455 states that a judge "shall" disqualify herself from any proceeding "in which [her] impartiality might reasonably be questioned." Section (b) sets forth the following instances in which a judge "shall" also disqualify herself, including "(1) Where [she] has a personal bias or prejudice concerning a party." This statutory section has been interpreted by the Unites States Supreme Court and other, lower courts, to exclude a court's ruling adversely to one party as cause for recusal. Liteky v. U.S., 510 U.S. 540, 114 S.Ct. 1147 (1994); see also U.S. v. Wilkerson, 208 F.3d 794 (9th Cir. 2000); In re Goodwin, 194 B.R. 214 (9th Cir. B.A.P. 1996). Indeed, the American justice system, through its adversarial nature, requires that the Court find in favor of one party and not the other. Id.; Wilkerson, 208 F.3d 794; Goodwin, 194 B.R. 214. Such an adverse ruling does not constitute "personal bias or prejudice concerning a party." Similarly, a party's perception that a Judge may have made procedural or substantive errors is not a basis for recusal; rather, an appeal is the appropriate remedy for error. F.J. Hanshaw Enters., Inc. v. Emeral River Dev., Inc., 244 F.3d 1128, 1145 (9th Cir. 2001).

Furthermore, "[t]here is as much obligation for a judge not to recuse when there is

---

[3] See Docket Entry No. 134.

no occasion ... to do so as there is ... to [recuse] when there is." In re American Ready Mix, Inc., 14 F.3d 1497 (10th Cir. 1994) (internal citations omitted). "A judge should not recuse ... on unsupported, irrational, or highly tenuous speculation." Id. Rather, recusal is appropriate only where the "reasonable person, knowing all relevant facts, would harbor doubts about the judge's impartiality." Id.

Moreover, the timeliness of a disqualification motion under Section 455 is also a consideration. U.S. v. Conforte, 624 F.2d 869, 880 (9th Cir. 1980). When a motion to recuse is brought early in a case, there is less danger of duplicative work and waste of judicial resources than when the motion is brought after a case has advanced to the stage of litigation. Id.

### III. FACTUAL DISCUSSION

In his Motion, the Debtor requests that the Honorable Sarah Sharer Curley (the "Court") recuse herself and withdraw from consideration of any matters related to the Debtor's bankruptcy case and the adversary cases related thereto. The Debtor generally alleges that this Court has allowed a creditor, Renaissance Aircraft LLC ("Renaissance"), to "impugn him, and to make specious and un-provable allegations" that "evoke . . . harm to Combs and his public persona, or his associates." The Debtor also alleges that the Court's rulings in favor of Renaissance have lacked factual basis, that the Court is prejudiced against Combs, and that the Court favors attorneys over pro se litigants.

All of the Debtor's allegations are nebulous and unsupported by citation to the Court's record, making it difficult for the Court to respond. However, the Court has gone to great length to attempt to address, for the benefit of the parties, each and every allegation raised. For ease of reference, the Court will address each of the Debtor's allegations in turn, using the numbers assigned to each allegation in the Motion.

3

A. Allegations Regarding Case No. 2:02-bk-18352-SSC (*In re The Don Luscombe Aviation Foundation*) and Related Adversary Cases

  1 - 2) The Debtor states that in March, 2003, a change of officers and directors of a board was undertaken, which the Debtor believes was contrary to Arizona law and corporate bylaws. The Debtor believes that the Court's recognition of the new board and officers prejudiced him.

  This allegation is vague at best. The Court will presume that the Debtor is referring to the board of The Don Luscombe Aviation Foundation (the "Foundation"). The Court further presumes that the Debtor is referring to a hearing that was conducted on March 25, 2003, at which the Court was informed that three of the Foundation's board members had been removed and would not be replaced. The record reveals no formal recognition on behalf of the Court of the board changes and no objection of any parties to the Foundation's bankruptcy case to the changes. Indeed, the purpose of Chapter 11 is to allow a Debtor to operate itself. It is not the Court's duty to interfere with a debtor's decisions regarding its operations. If the Debtor believed the change were somehow fraudulent, or that a Trustee should have been appointed to manage and operate the Foundation, he should have filed an appropriate Motion at that time. If the Debtor were unhappy with one of the Court's rulings in March, 2003, his remedy was to file a Motion for Reconsideration or an appeal at that time. The Court cannot recuse itself, five years later, based on "unsupported" allegations of some unidentified error, In re American Ready Mix, Inc., 14 F.3d 1497 (10th Cir. 1994), and allegations of error are fodder for appeal, not recusal. F.J. Hanshaw Enters., Inc. v. Emeral River Dev., Inc., 244 F.3d 1128, 1145 (9th Cir. 2001).

  3) The Debtor states that between March and May, 2003, he presented the Court with certain "advertisements, press releases, and announcements" that he believed showed that Renaissance was assuming a position superior to all other creditors in the proceeding. The Debtor alleges that this was harmful to his continued business interests and the interests of all creditors. Again, the Debtor has failed to cite to the record. However, it is the Court's

4

Case 2:05-bk-06498-SSC    Doc 135   Filed 03/17/08   Entered 03/17/08 11:36:26   Desc
Main Document    Page 4 of 15

recollection that it set an initial hearing on the issue and that the Court warned all parties-in-interest that the use of certain press releases might border on improper solicitation of creditors concerning a plan of reorganization. Appropriate orders were entered, and if the Debtor was dissatisfied, he had other rights or remedies he could have pursued at the time. As noted above, the Court cannot recuse itself, five years later, based on "unsupported" or "highly tenuous" allegations of some unidentified error. In re American Ready Mix, Inc., 14 F.3d 1497 (10th Cir. 1994).

4) The Debtor further complains that on May 7, 2003, a certain attorney, Mr. Lown, petitioned the Court for limited admission. The Debtor believes that the Court wrongly admitted Mr. Lown "without condition or oversight" and that Lown somehow obtained preferential treatment for Renaissance over other creditors.

The Court's docket reveals that the Court entered an Order on May 28, 2003, denying limited admission to Mr. Lown. Later, on June 16, 2003, after a hearing in the matter at which the Court carefully considered the arguments of the parties, the Court entered an Order allowing the Debtor to employ Mr. Lown and his firm as special counsel to represent the Debtor in certain state court litigation ongoing in the state of Georgia, in which Mr. Lown resided. This Order was specifically conditioned on the filing of a supplemental Rule 2016 Statement with the Court, and on Mr. Lown's refunding certain monies he may have received by any director or creditor of the estate. If the Debtor was unhappy with this Order, his remedy was to file a Motion for Reconsideration, or to take an appeal therefrom. The Court cannot recuse itself, five years later, toward the winding-down of the bankruptcy case, on some unsupported and "highly tenuous speculation" that the Court's ruling somehow exhibited favoritism or was entered in error. F.J. Hanshaw Enters., Inc. v. Emeral River Dev., Inc., 244 F.3d 1128, 1145 (9th Cir. 2001); U.S. v. Conforte, 624 F.2d 869, 880 (9th Cir. 1980); In re American Ready Mix, Inc., 14 F.3d 1497 (10th Cir. 1994).

5-6) The Debtor complains that certain adversary Complaints filed by counsel for

5

the Foundation, against the Debtor and his wife, were originated by Renaissance; and that although one of the Complaints, case number 2:03-ap-332-SSC was dismissed with prejudice on the Debtor's Motion to Dismiss, the Debtor was not awarded his costs incurred in defending the suit. The Debtor alleges that this denial of costs was wrongful.

The Court believes the Debtor is referring to its decision on the record of June 10, 2004. The hearing on June 10, 2004, was conducted after the Debtor filed a pleading on April 13, 2004, requesting sanctions against the Plaintiffs in the adversary case. The issue was fully briefed by the parties over a two-month period prior to the June 10 hearing, at which the parties orally argued their respective positions. After careful consideration of the law and the facts, the Court could not find a basis on which to sanction the Plaintiffs. The Debtor failed to appeal the Court's decision on the record, or even to file a Motion for Reconsideration thereon. Such actions would have been the proper remedies were the Debtor unhappy with the Court's decision. F.J. Hanshaw Enters., Inc. v. Emeral River Dev., Inc., 244 F.3d 1128, 1145 (9th Cir. 2001). The Court cannot recuse itself merely because the Debtor is unhappy with a decision the Court rendered four years earlier. Liteky v. U.S., 510 U.S. 540, 114 S.Ct. 1147 (1994); see also U.S. v. Wilkerson, 208 F.3d 794 (9th Cir. 2000); In re Goodwin, 194 B.R. 214 (9th Cir. B.A.P. 1996). The Court also notes that ultimately, the adversary was resolved in favor of the Debtor; the Court granted his Motion to Dismiss it. It is unclear to the Court how this ruling in the Debtor's favor would lead the Debtor to believe that the Court is prejudiced against him personally.

7 - 9) The Debtor's allegations in paragraphs seven through nine deal with Adversary Case No. 2:03-ap-333-SSC. In these allegations, the Debtor alleges that the Court ruled wrongly, and that the Court relied on what the Debtor perceived to be falsehoods or "provably wrong statements."

The Court presumes that when the Debtor states that the Court ruled against him, the Debtor is referring to the Court's Judgment entered against him on August 11, 2005. The

6

1  Court notes that, as a Bankruptcy Court, one of its functions is to act as a fact-finder.  The
2  Supreme Court noted in its decision of Liteky v. U.S. that particularly when a Court performs
3  fact-finding functions, it is required to form certain opinions that will be adverse to one of the
4  parties, by the very nature of the American adversarial legal system.  Liteky v. U.S., 510 U.S.
5  540, 114 S.Ct. 1147 (1994).  The fact that a Court finds in favor of one party and not another
6  does not constitute cause for recusal.  Id.; see also U.S. v. Wilkerson, 208 F.3d 794 (9th Cir.
7  2000); In re Goodwin, 194 B.R. 214 (9th Cir. B.A.P. 1996).  If the Debtor believed the Court's
8  factual findings were erroneous, the proper remedy was to take an appeal of the Judgment, F.J.
9  Hanshaw Enters., Inc. v. Emeral River Dev., Inc., 244 F.3d 1128, 1145 (9th Cir. 2001), which
10 the Debtor in fact did.  This adversary was later settled.

11         The Debtor then complains that after he spent a great deal of time and money
12 prosecuting the Adversary Case and appeals related thereto, the Trustee settled it.  Furthermore,
13 the Debtor states that when he appealed the Court's rulings, the "rulings were ordered to be
14 withdrawn and vacated in 2006 & 2007."  Perhaps the Court misunderstands this vague
15 allegation.  Taken at face value, the allegation appears simply to be incorrect.  A review of the
16 Court's docket reveals that although the Debtor appealed certain of the Court's rulings in the
17 Adversary, including the Judgment of August 11, 2005, the Bankruptcy Appellate Panel never
18 reached the merits of the appeals; rather, one of the appeals was halted by the parties' joint
19 motion to remand to allow the Bankruptcy Court to consider the parties' proposed settlement;
20 and the other appeal was dismissed when the Debtor failed to prosecute it.  See Docket Entry
21 Nos. 128, 166, respectively.  It is unclear to this Court how the Bankruptcy Appellate Panel's
22 dismissal of the Adversary; or the Trustee's attempts to settle it, are facts that would lead a
23 reasonable person to believe that this Court is prejudiced or biased against the Debtor, and the
24 Court declines to recuse on such a basis.  "There is as much obligation for a judge not to recuse
25 when there is no occasion ... to do so as there is ... to [recuse] when there is."  In re American
26 Ready Mix, Inc., 14 F.3d 1497 (10th Cir. 1994) (internal citations omitted).

10 - 11) The Debtor alleges that, in August, 2003, the Court's failure to confirm a Chapter 11 Plan of Reorganization that he had submitted on behalf of the Foundation was based on the Court's failure to consider the Plan's viability, in essence alleging that the Court ignored the Plan. The Debtor then states that in March 2003, the Court had converted the Foundation's case into a "liquidation." The Debtor asserts that such action "was taken to preserve or recompensate" the estate, seemingly approving of the conversion. The Court is unclear what the Debtor is attempting to allege; and will set forth a timeline of the confirmation and conversion process by way of response.

In May, 2003, the Foundation proposed a Plan of Reorganization on behalf of itself. Numerous objections were filed to the Plan; but during the confirmation process, it became apparent that the Debtor and his wife were engaging in sanctionable behavior by soliciting parties to vote against the Foundation's Plan using means prohibited by 11 U.S.C. § 1125(b). After reviewing the parties' pleadings, including those filed by the Debtor, and conducting two hearings on the matter in August, 2003, the Court declined to enter monetary sanctions against the Debtor, but rather enjoined him from engaging in certain prohibited activities.

However, the Court's docket does not reflect any Plan of Reorganization submitted by the Debtor on behalf of the Foundation in August, 2003. The Court presumes the Debtor is referring to the Plan he filed in December, 2003. Several objections were filed to the Plan submitted by the Debtor on behalf of the Foundation. The Plan and accompanying Disclosure Statement were filed after a trial on contested confirmation had already been set on another Plan, the one submitted by the Foundation on behalf of itself in May 2003. The trial began on January 27, 2004, and was continued to February 2, 2004. On February 2, 2004, during the presentation of evidence regarding the Foundation's financial records, the Court stated its serious concerns regarding the Foundation's management. An Order was entered approving the appointment of a Chapter 11 Trustee on February 5, 2004. The contested

8

confirmation hearing was continued to March 15, 2004; however, on March 12, 2004, the Chapter 11 Trustee filed a Motion to Convert the case to one under Chapter 7. The case was converted at a hearing on the Motion on April 16, 2004, after the Court's careful consideration of the parties' pleadings and arguments, including the Debtor's statements in support of conversion. Because the case was converted to Chapter 7, it is unclear why the Debtor believes that the Court's failure to confirm his Chapter 11 Plan was in error, or shows some prejudice against him on the part of the Court. Indeed, the Debtor never continued with the confirmation process in the Foundation case. Once the Foundation case was converted, the Trustee proceeded with the liquidation of the estate. Indeed, the Debtor appears to allege, at the end of paragraph 11, that the conversion of the Foundation case was proper.

12 - 17) The Debtor alleges that a Trustee's Sale conducted during April, 2004, which ultimately resulted in the sale of certain assets of the Foundation estate to creditor Renaissance, was conducted in a manner prejudicial to him. The Debtor alleges that the Sale was improperly advertised so as to generate low revenue; and that the Court allowed "bid rigging" and evidenced prejudice against the Debtor by allowing the sale items to be sold to a bidder other than the Debtor.

Prior to conducting the hearing on the Sale on April 30, 2004, the Court reviewed the entire record before it, including the Chapter 7 Trustee's Statement of Position regarding the two bidders, who were the Debtor and Renaissance.[4] The Court also considered the arguments of the parties at the April 30 hearing. Ultimately, the Court determined that it was unable to allow the Debtor to purchase the Foundation estate's assets for a variety of reasons, including the fact that the Foundation's estate had significant monetary claims against the Debtor; the Debtor's offer included terms stating that an ongoing Raffle Sale would be administered by the Debtor; and terms requiring that the Foundation's operations continue, if its assets were purchased by the Debtor; whereas Renaissance's offer contained no such terms. Taking into consideration

---

[4] Docket Entry No. 348.

9

ongoing and future litigation, the need to liquidate assets and conclude the Foundation's Chapter 7 case expeditiously, and the fact that the Debtor's offer would result in the continuation of the Foundation's operations after the Foundation's case had been converted, the Court determined that it was in the best interests of the estate and creditors to liquidate the assets by sale to the competing bidder, Renaissance. The Debtor appealed the Court's approval of the sale to Renaissance. Ultimately, the District Court dismissed the appeal.[5] As the Court has noted above, a judge must recuse herself only when her impartiality "might reasonably be questioned." 28 U.S.C. § 455(e); Litekey v. U.S., 510 U.S. 540, 114 S.Ct. 1147 (1994). The fact that a court rules adversely to one party does not constitute cause for recusal. Liteky,; see also U.S. v. Wilkerson, 208 F.3d 794 (9th Cir. 2000); In re Goodwin, 194 B.R. 214 (9th Cir. B.A.P. 1996).

B.  Allegations relating to Case No. 2:05-bk-06498-SSC, *In re Paul Douglas Combs*, and Adversary Proceedings Relating Thereto

18 - 21 ) Again, the Debtor objects to the Court's approval of a sale, this time of assets of the estate of his personal bankruptcy. The Debtor complains that the Trustee was able to receive a price for the sale of an aviation hangar that was 10% above market value. The Debtor claims that two bidders were present; the purchaser, A. Vernon Eder, was forced to pay a higher price because the second bidder drove up the auction sale price. The Debtor further claims that because the second bidder agree to a back-up bid, the purchaser was prejudiced and forced to pay a higher price than he otherwise would have.[6]

The Court wonders why the Debtor is presenting the concerns of the bidder, Mr. Eder. Normally the Debtor would not have the standing to make such an argument. However,

---

[5] Docket Entry No. 441.

[6] The Debtor seems to allege that the failure of the other bidder to act as a "back-up" is somehow suspect. In the Court's long experience conducting sales of this nature, it is not unusual for a second bidder to refuse to act as a "back-up" when the winning bidder has bid a price for the sale item that the second bidder is unable, or unwilling, to pay.

10

Mr. Eder chose to bid at the auction. If he had had any concerns at the time, he could have withdrawn his offer or his bid. But he did not. If Mr. Eder had subsequently entertained concerns about the second bidder, he could have addressed those concerns at the hearing, but he did not. If Mr. Eder had subsequently learned of what he believed to be improper bidding after the sale hearing, he could have presented those concerns to the Court. But he did not. By the very nature of an auction sale, the price of an item is not fixed. The presence of another bidder may very well drive up a sale price, but the bidder does not have to continue bidding, if the bidder believes the price has become unfair. It is hard to imagine how a duly noticed auction sale that derives the fair market value of an asset in the estate somehow is indicative of the bias or prejudice of the judge. "A judge should not recuse ... on unsupported, irrational, or highly tenuous speculation." In re American Ready Mix, Inc., 14 F.3d 1497 (10th Cir. 1994).

22 - 23) Finally, the Debtor alleges that, in Adversary Case No. 2:05-bk-570-SSC, the Court and parties have expressed a mutual desire to reach a global settlement of all litigation in the related administrative and adversary cases. The Debtor complains, however, that the Court has acted "in concert with the plaintiff's attorneys" by entering a "poorly prepared" dismissal order. The Court believes the Debtor is referring to the Dismissal Order of February 20, 2007,[7] which, pursuant to the Debtor's agreement on the record at the February 14, 2007 hearing in the matter, purported to dismiss all counts of the Adversary Complaint. However, through inadvertence, the Order was captioned as an "Order Dismissing Remaining Counts of Complaint (Counts 1 - 6) With Prejudice," when actually another Count, Count 8, was not specifically mentioned.. The Debtor later determined that he wished to rescind his agreement to dismiss, and appealed the Order. The Bankruptcy Appellate Panel entered a limited order of remand to this Court to determine whether the Dismissal Order was intended to dismiss all remaining Counts of the Complaint, or only Counts 1 - 6.[8] As discussed fully in the Court's

---

[7] Docket Entry No. 43.

[8] Docket Entry No. 57.

Memorandum Decision of February 22, 2008,[9] the Court explained that the agreement of the parties was to dismiss each and every remaining count of the Complaint, including Count 8, and that the failure to include Count 8 in the Order of February 20, 2007, was inadvertent.  It is revealing to the Court that the Debtor does not, in paragraphs 22 and 23, appear to make any allegations of prejudice or bias on the part of the Court.  The Court declines to recuse on the basis of a clerical error, which has been corrected by the Court's Memorandum Decision of February 22, 2008.

C.  Global Analysis of Propriety of Recusal

24) In his last allegation, the Debtor merely states that the Court has and will act in a manner prejudicial to his interests.  Again, the Court notes that the fact that a court rules adversely to one party does not constitute cause for recusal.  <u>Liteky v. U.S.</u>, 510 U.S. 540, 114 S.Ct. 1147 (1994); <u>see also</u> <u>U.S. v. Wilkerson</u>, 208 F.3d 794 (9th Cir. 2000); <u>In re Goodwin</u>, 194 B.R. 214 (9th Cir. B.A.P. 1996).  "There is as much obligation for a judge not to recuse when there is no occasion ... to do so as there is ... to [recuse] when there is."  <u>In re American Ready Mix, Inc.</u>, 14 F.3d 1497 (10th Cir. 1994) (internal citations omitted). "A judge should not recuse ... on unsupported, irrational, or highly tenuous speculation."  <u>Id.</u>

In this case, the factual allegations contained in the Motion to Recuse are unsupported, and in some cases, clearly erroneous or irrational.  In the Objections filed by both Renaissance and the Chapter 7 Trustees for the bankruptcy estates of the Debtor and the Foundation, the parties themselves state that the Debtor "has not shown that the Court's substantive rulings were products of deep-seated favoritism or antagonism that made fair judgment impossible."  Objection by Renaissance Aircraft, LLC to Debtor's Motion for Recusal or Withdrawal at p. 2 (Internal citations omitted).  The Objections note that if the Debtor is alleging error, error is a "basis for appeal, not recusal."  <u>Id.</u>, quoting <u>F.J. Hanshaw Enter., Inc. V.</u>

---

[9] Docket Entry No. 64.

Case 2:05-bk-06498-SSC    Doc 135    Filed 03/17/08    Entered 03/17/08 11:36:26    Desc
Main Document    Page 12 of 15

Emerald River Dev., Inc., 244 F.3d 1128, 1145 (9th Cir. 2001); Joinder of Louie Mukai, Chapter 7 Turstee of the Bankruptcy Estate of the Don Luscombe Aviation Hisotry Foundation, [in] Objections to Debtor's motion for Recusal or Withdrawal. Trustee Mukai notes that the Debtor's assertions that the Court is prejudiced against him are "supported by no proof" and constitute "more effort to delay and obfuscate by the Debtor." Joinder of Louie Mukai at p. 2.

Trustee Ford notes that the Court "has presided over numerous matters involving the Debtor personally, and has ruled impartially and with great patience and understanding for a debtor who has appeared on his own behalf for the majority of this case," and that the case is at a very late stage of administrative processing. Joinder in Objection By Renaissance Aircraft, LL, to Debtor's Motion for Recusal or Withdrawal at p. 1-2. "For the Debtor to seek a recusal of this Court at such a late stage makes little sense. . . . Requiring another Court to take over this case in the eleventh hour is nothing more than an expense of judicial resources for no good reason." Id. Indeed, the timeliness of a disqualification motion under Section 455 is a factor the Court must take into consideration. U.S. v. Conforte, 624 F.2d 869, 880 (9th Cir. 1980).

The Debtor's case was filed on April 18, 2005. Many of the Court's rulings about which the Debtor complains in his Motion were rendered in 2003, within the Foundation's bankruptcy case, which was filed in 2002. At this time, most proceedings in the administrative bankruptcy cases of the Debtor and of the Don Luscombe Aviation Foundation are winding down. The individual Debtor has already received his discharge. Most of the adversary proceedings, including 03-185, 03-332, and 03-333, have been concluded and dismissed. The only remaining adversary proceedings involving Debtor Combs are 05-570, which is presently on appeal to the Bankruptcy Appellate Panel; and a new proceeding, 08-134, which was filed by the Debtor on February 28, 2008.

The bankruptcy cases were jointly administered, and, as the Debtor notes in his Motion to Recuse, complex. Seven adversary proceedings are associated with these cases, one of which has been before this Court since 2002. Although the Debtor has filed one new

13

adversary proceeding in 2008, the posture of the Debtor's and the Foundation's case is to continue the winding-down of the two older remaining adversary proceedings, one of which, as noted previously, has been entirely resolved by this Court, whose final resolution is currently on appeal. As Trustee Ford notes in her Joinder, the undertaking required by a judge stepping into the cases at this time would be "injurious [to the parties] and costly." Joinder at p. 2. An inordinate amount of time and effort would be required for the new Judge to review the various case dockets, many of which contain more than 500 entries, merely to familiarize himself or herself with the limited issues remaining to be resolved. The parties would expend significant time and resources educating a new Judge about the facts and status of the various cases. The fact that the Motion to Recuse was filed at such a late date militates against the Court's finding that the Motion should be granted. Conforte, 624 F.2d at 880.

## IV.  CONCLUSION

Having carefully considered the arguments of the parties and the entire record in this case, the Court finds no cause to recuse itself under 28 U.S.C. § 455 or Liteky v. U.S., 510 U.S. 540, 114 S.Ct. 1147 (1994). The fact that the Court has ruled against a party is not grounds for recusal. U.S. v. Wilkerson, 208 F.3d 794 (9th Cir. 2000); In re Goodwin, 194 B.R. 214 (9th Cir. B.A.P. 1996). The Debtor has presented no evidence of prejudice. The Debtor's statements are "unsupported, irrational, or highly tenuous speculation." In re American Ready Mix, Inc., 14 F.3d 1497 (10th Cir. 1994) (internal citations omitted). Many of the Debtor's allegations are simply erroneous, and all are extremely vague. Finally, the untimeliness of the Debtor's Motion militates against recusal. U.S. v. Conforte, 624 F.2d 869, 880 (9th Cir. 1980). The Court declines to recuse itself from any matters involving the Debtor. The Court will execute a separate Order incorporating this Decision.

14

| | |
|---|---|
| 1 | Dated this 17th day of March, 2008 |
| 2 | |
| 3 | . |
| 4 | _____ |
| | The Honorable Sarah Sharer Curley |
| 5 | United States Bankruptcy Judge |

BNC to notice.

15